S. & F. REALTY COMPANY, PLAINTIFF-RESPONDENT, v. MONROE LOAN SOCIETY OF BLOOMFIELD, DEFENDANT-APPELLANT.

Submitted May 27, 1932—Decided October 17, 1932.

For the appellant, *Klein & Klein*.

For the respondent, *Samuel Roessler*.

The opinion of the court was delivered by

DONGES, J.   This is an appeal from a judgment of the Supreme Court affirming a judgment of the District Court of the First Judicial District of Essex County in favor of the plaintiff in an action for rent reserved under a lease. Plaintiff leased to defendant an office in the Union Building, Bloomfield, for a period of five years from June 1st, 1927, at a rental of $60 per month for the first three years, and $70 per month for the succeeding two years.   About December

1st, 1930, defendant vacated the premises. The present suit is for the rent due for the months of December, 1930, and January and February, 1931.

The defense was eviction, based upon the claim that the plaintiff had converted all the second floor, except defendant's office, into a hotel for men, thus rendering the premises unfit for the use for which defendant had leased them.

Several witnesses for the defendant testified that the change in the premises had made them unfit for use as a small loan office. One of the reasons was that ninety per cent. of the visitors to such an office are females and such persons would be reluctant to enter a men's hotel. It was brought out on cross-examination that at the time this office was vacated, the defendant closed several offices due to the reduction in the interest rate permitted to be charged for small loans. The trial court found as a fact that there was no eviction.

The points are argued in the following order:

2. That the District Court's finding of fact was contrary to the uncontradicted evidence. This claim is not supported by the testimony. The fact of the change in the premises was uncontradicted, but whether or not this rendered the premises unfit for use and amounted to an eviction was a conclusion to be drawn by the judge from all of the evidence.

1. That the Supreme Court erred in affirming because the judgment was contrary to the undisputed evidence; and (b) was based upon a conclusion of fact which, if true, was immaterial; and (c) the court was unduly prejudiced by an immaterial fact. This point is not argued in this court.

3. That it was error to permit plaintiff's counsel, on cross-examination, to go into the question of the closing of offices due to the change in interest rate as a motive for the abandonment of the premises. In view of the testimony of defendant's witnesses that the reason for giving up the office was the unsuitable use to which the building was being put, it was proper to examine as to whether or not that was the reason for such action.

The judgment under review will be affirmed.

For affirmance—TRENCHARD, PARKER, CASE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ.   10.

For reversal—None.